IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


PATRICK C. LYNN,

                    Plaintiff,

            v.                      CASE NO. 06-3172-SAC

RENEE ANDERSON-VARELLA,
et al.,
                    Defendants.

<u>MEMORANDUM AND ORDER</u>

     This civil complaint was filed upon payment of the fee by an
inmate of the El Dorado Correctional Facility, El Dorado, Kansas
(EDCF).   Plaintiff names numerous defendants including Kansas
officials, Kansas judges, U.S. Attorney General Gonzalez, an FBI
agent, federal district court and appellate court judges, the U.S.
Attorney for the District of Kansas Eric Melgren, and numerous
correctional officers, among others.

     Plaintiff asserts this court has jurisdiction over his claims
under 42 U.S.C. 1983, 42 (sic) U.S.C. 1331, and other statutes.  He
also cites numerous state statutes as providing supplemental
jurisdiction.


<u>CLAIMS</u>

     As the basis for this civil action, plaintiff generally alleges
he is being subjected to constitutional wrongs and injuries that
have continued since approximately May 1, 2000, mainly involving
retaliation against him for exercising his First Amendment rights,
as well as denial of his access to the courts.

     The court liberally construes the complaint as currently

amended (Docs. 1 & 2), as raising the following more specific claims: (1) plaintiff is allowed an insufficient amount of stamps, writing paper, pencils, and envelopes, and no legal copies[1]; (2) he is "not allowed" to file court documents or administrative grievances; (3) he is forbidden to challenge his criminal convictions[2]; (4) he is forbidden to challenge his conditions of confinement; (5) he has no income, is indigent and cannot pursue redress; (6) he has been retaliated against for filing suit and transferred out of state[3]; (7) he is not allowed confidential correspondence with court-appointed attorneys; (8) his legal and official mail is opened, read outside his presence, delayed and destroyed without notice; (9) defendant Cummings has his legal files ransacked, and crucial items are taken; (10) he has been unlawfully held in administrative segregation for six years, and his mental health has deteriorated immensely as a result; (11) he is denied all access to a telephone, television, and radio; (12) he is subjected

---

[1]

Plaintiff has previously been advised by a judge in this district that his "concern over the photocopying expenses of . . . litigation could be alleviated by filing more concise pleadings and avoiding the voluminous attachments." Lynn v. Simpson, 1999 WL 33177299 (D.Kan. Dec. 31, 1999).

The court takes judicial notice of all cases filed by Mr. Lynn in the District of Kansas and has reviewed parts of those cases as well as several cases filed in the Kansas state courts. It is readily apparent from plaintiff's history of filing repetitive, conclusory claims, lengthy motions and pleadings, and the opinions of the various courts that have determined his numerous actions, that any lack of access to sufficient writing materials may be attributed to plaintiff's extreme abuse of the privilege.

[2]

Contrary to this conclusory claim, plaintiff's challenges to his criminal conviction were thoroughly considered in a federal habeas petition in Lynn v. Roberts, 2005 WL 3087841 (D.Kan. Nov. 1, 2005).

[3]

Plaintiff challenged his transfer as retaliatory in Lynn v. Simmons, Case No. 90,000 (KCOA, Nov. 21, 2003). The district's court's refusal to allow Lynn to file a mandamus action raising this claim was affirmed by the Kansas Court of Appeals (KCOA), which also noted that interstate transfers do not deprive an inmate of any liberty interest protected by the Due Process Clause. Id. at *5. Plaintiff must state if he is raising a different claim than was raised and determined in this action.

to bogus prison disciplinary charges in retaliation for filing grievances and complaints about staff misconduct and abuses; (13) state and federal officials have refused to enforce his rights; (14) the state court has refused to allow an appeal; and (15) he has been subjected to excessive force[4].

**RELIEF REQUESTED**

Plaintiff requests that the court order the following relief: (1) prison officials to provide him with "all necessary scribe materials, legal copies, legal postage necessary to prepare/file/ maintain any pending or intended court case attacking (his) criminal conviction and/or conditions of confinement;" (2) declare unconstitutional the prison policy of a $50 ceiling for legal postage and copies; (3) his immediate release from A/S; (4) daily mental health counseling as long as necessary; (5) telephone access; (6) expungement of all his prison D/R's since May 1, 2000, because of due process violations; (7) declare unconstitutional prison policy where mail is interfered with including being opened outside a prisoner's presence, read, delayed, or seized without notice; (8) prison officials to provide a listing of every item of legal/official mail opened outside his presence since May 1, 2000; (9) his legal/official mail handled as he requests; (10) an emergency video-telephone conference hearing; (11) that he be allowed to purchase blank videotapes for depositions of witnesses and that prison officials provide a notary for swearing in those

---

[4] Plaintiff raised a claim of excessive force in <u>Lynn v. Valdez</u>, 2000 WL 1817187 (D.Kan., Dec. 6, 2000), which was tried and a decision rendered for defendant. Plaintiff must state if he is raising a different claim than was determined in <u>Lynn v. Valdez</u>.

witnesses; (12) a declaratory judgment condemning all wrongs committed against him; (13) that service of all state officials be made upon the Kansas Attorney General's Office, "which he will have done by 3rd party," so as to reduce costs; (14) a bar to any further retaliation including cellhouse transfers to deny access to witnesses; (15) declare unconstitutional the interpretation of a state statute to forbid a fellow prisoner from acting as "next of friend;" (16) that he be allowed to receive a gift subscription to a newspaper and to the "prison Legal News;" (17) declare that KAR 44-13-201(2)(1) creates a liberty interest so that "violation of that 48 hr. strict language time limit requires dismissal as a matter of law;"[5] (18) require a Butler County district court judge to provide him with a docket statement and other materials in connection with a particular case; (19) declare another Butler County judge's order void in another case and declare all that judge's standing orders regarding plaintiff void; (20) require a Butler County judge to return $150 paid by his mother in August, 2003, for discovery in his case that was "put into limbo" (Case 01-C-465); (21) conduct a hearing on evidence regarding a fraud on the court in a state case imposing filing restrictions upon him, citing 26 K.A.2d 79 (KCOA 1999); (22) stay his 10th Circuit criminal appeal so he can file materials, citing Case No. 05-3470; (23) require that he be allowed to file pleadings in two cases and a 60-1507 petition

---

[5]

Plaintiff's requests for relief numbered (14), (15), (16), and (17) do not appear to have any relation to his claims, and need not be considered since no factual claim is alleged entitling plaintiff to such relief.

in Johnson County District Court[6], and (24) award compensatory and punitive damages.  Plaintiff also seeks appointment of counsel to file an amended complaint, trial by jury, costs and expert witness fees paid by defendants, the court to direct the clerk to provide him with a file-stamped copy of the complaint, and that the U.S. Marshal serve a file-stamped copy on the Kansas Attorney General with an order to appear for a preliminary hearing on this complaint. Plaintiff's requests for relief are not construed as claims, and need not be considered insofar as they do not relate to his 14 delineated claims.

**SCREENING**

Because Mr. Lynn is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**FAILURE TO STATE FACTS IN SUPPORT OF CLAIMS**

Plaintiff alleges no facts whatsoever, such as dates, names of participants[7], or descriptions of the acts taken by participants, in

---

[6]
Plaintiff's requests for relief numbered (18) through (23) ask this court to issue orders directing the actions of state judges, or in cases in other jurisdictions, which this court has no power to do.  These requests, if construed as claims, would be dismissed for this reason.

[7]
The sole exception is the mention of defendant Campbell, but no dates or description of materials allegedly taken from plaintiff's cell, or who actually took the materials is included.

support of his 14 claims.  Plaintiff has filed 4 pages of a "First Amended Complaint" which contain no additional facts, but name an additional 150 or so defendants.

## FAILURE TO FILE COMPLAINT ON FORMS

Plaintiff's pro se complaint and first amended complaint are not on official forms as required by the rules of this court.  See D. Kan. Rule 9.1(a).  As a result, he has not provided all the information required by Rule 9.1(f).  Plaintiff is required to comply with court rules.  The court shall order that plaintiff complete the official forms for filing a civil rights complaint under 42 U.S.C. 1983, and file the form complaint as his Second Amended Complaint.

Plaintiff is also advised that he will be required to request and complete a sufficient number of duplicate 1983 forms for service upon each named defendant should this case proceed to service of summons, and submit those copies to the court, as well as complete and maintain copies for his own records.  The court denies his request to have either the clerk of this court or state prison officials provide copies of his complaint.  Plaintiff is not proceeding in forma pauperis in this action.

The court also denies plaintiff's request for appointment of counsel to file an amended complaint.  Plaintiff is not entitled to assistance of an attorney in this action, and is not incapable of preparing his complaint and presenting his claims.

Plaintiff's allegations that he is being denied sufficient materials to prepare legal filings, and that his access to the courts is impaired as a result are completely conclusory and

patently belied by his extensive litigation history[8].  His requests
for relief regarding limitations placed upon him by prison officials
as to writing materials and postage are not supported by any legal
authority, or supportive factual allegations showing actual denial
of access or other constitutional right, have been raised and
rejected in prior actions, and are denied.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has not sufficiently pled full exhaustion of
administrative remedies on all claims raised in his complaint.  42
U.S.C. 1997e(a) directs: "No action shall be brought with respect to
prison conditions under (any federal law) by a prisoner confined in
any (correctional facility) until such administrative remedies as
are available are exhausted."  See Booth v. Churner, 531 U.S. 956
(2001)(section 1997e(a) requires prisoners to exhaust administrative
remedies irrespective of the relief sought and offered through
administrative channels).  The United States Supreme Court has held
that this exhaustion requirement is mandatory and may not be
disregarded by the court.  Porter v. Nussle, 534 U.S. 516, 520
(2002).  Exhaustion under Section 1997e(a) is a pleading requirement
imposed upon the prisoner plaintiff.  Steele v. Federal Bureau of

---

[8]

By 1998, plaintiff had acquired six strikes under 28 U.S.C. 1915(g).  See e.g. Lynn v.
McClain, 162 F.3d 1173, 1998 WL 732806, at *3 (10th Cir. Oct. 19, 1998, unpublished).  In
December, 2005, another judge within this district found plaintiff had been involved in 22 cases in
this federal district.  Lynn v. Roberts, Case No. 01-3422 (Dec. 5, 2005).  In 1999, the KCOA affirmed
an injunction placing restrictions upon Mr. Lynn's ability to file new cases in the state courts of
Kansas.  State of Kansas v. Lynn, No. 80, 028 (KCOA, Apr. 9, 1999).  The KCOA noted Lynn was
convicted in November, 1996, and while his criminal conviction was on appeal, he filed multiple civil
actions.  The court also found Lynn was "using the suits as a means to attempt to harass the victim,
witnesses, police investigators, judges, and others involved in his case."  Id., at *3.  The filing
restrictions imposed in state court were upheld in Lynn v. McClain, 162 F.3d 1173, 1998 WL 732806,
at * 2 .

Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). It follows that a complaint which fails to adequately plead exhaustion amounts to one that fails to state a claim upon which relief can be granted. Id.

The pleading requirement of 1997e(a) mandates that a prisoner either "attach a copy of the applicable administrative dispositions to the complaint, or . . . describe with specificity the administrative proceeding and its outcome." Id. The Tenth Circuit has also determined that "total" exhaustion is required. Ross v. County of Bernalillo, 365 F.3d 1181, 1188-89 (10th Cir. 2004). Under the total exhaustion prerequisite, plaintiff must have presented each and every claim raised in his complaint by way of the available prison administrative grievance procedures, or the entire complaint is subject to being dismissed without prejudice. He must have referred to the named defendants and described their allegedly wrongful actions in his grievances.

Plaintiff alleges he is "not allowed to have grievance remedies, nor disciplinary appeal remedies." Plaintiff must support this allegations with copies or descriptions of actions taken by him to attempt to exhaust his administrative remedies on each of his claims, for example by providing copies of his submitted requests and the responses thereto.

In short, plaintiff's allegations are not adequate to show full exhaustion on all 14 claims presented in his complaint. Plaintiff is required to adequately plead full and total exhaustion of administrative remedies in a second amended complaint. To fully exhaust each of his claims, plaintiff must have fairly presented them for resolution by staff at the EDCF and the Kansas Department

of Corrections by way of BP-9, BP-10, and BP-11 grievance forms submitted according to the well-established grievance procedures[9] at EDCF, and have received responses at each level or show that the time for response expired.  Plaintiff's second amended complaint should list each claim raised by him as numbered above, and provide either copies of the grievances filed by him and the administrative responses referencing that particular claim, or a specific summary of each of those grievances and responses.  If plaintiff has not fully exhausted any of his 14 claims, the entire complaint must be dismissed without prejudice.  The dual purpose of exhaustion is to provide the prisoner with more efficient, less remote channels of relief, if warranted; and the state prison facility and corrections agency with the initial opportunity to resolve grievances within the prison.  Alternatively, plaintiff's second amended complaint may state only those claims which have been fully exhausted and exclude any unexhausted claims.

**PERSONAL PARTICIPATION**

Personal participation by each defendant in the alleged deprivation of plaintiff's constitutional rights is an essential element of a claim under 42 U.S.C. § 1983.  Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).  Plaintiff does not allege personal participation on the part of each and every named defendant.  Mr. Lynn lists nearly 240 defendants in the caption, but mentions only

---

[9] See K.A.R. §44-15-101, et seq.

a couple[10] in the body of his complaint.

Plaintiff mentions the Warden in the complaint as stating he will never allow plaintiff's release from A/S or his use of the telephone[11]. Defendant Cummings is mentioned in the body of the complaint for these allegedly vindictive and retaliatory actions: "keeps having my legal files ransacked and crucial notes, evidence taken, destroyed, refused return" and "ordering I not be allowed an ink pen. . . ." but only use of a 3-inch pencil. This complaint must be dismissed against any defendant whose personal participation is not factually alleged.[12]

## FAILURE TO STATE A CLAIM

Plaintiff states no claim whatsoever against any of the federal officials or officials at the Kansas Attorney General's office named in the caption of his complaint, among others. These particular defendants are generally immune to suits for money damages. This action shall be dismissed against these defendants unless plaintiff amends his complaint to state a viable claim against each of them.

Plaintiff's claims against federal and state court judges are

_____

[10]

Plaintiff mentions three state judges, Hart, Tatum, and Sanders, outside the caption but only in his requests for relief. The acts he complains of taken by these judges appear to have been within the scope of their authority as state judges.

[11]

Plaintiff alleges, "I've done nothing w/a phone." However, a prior case indicates plaintiff improperly telephoned jurors from his criminal trial. See Lynn v. Dubowski, 162 F.3d 1173, at *1 (10th Cir. Oct. 19, 1998).

[12]

To state a valid conspiracy claim under 1983, "a plaintiff must allege specific facts showing an agreement and concerted action . . . . Conclusory allegations of conspiracy are insufficient to state a valid 1983 conspiracy claim." Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998). Plaintiff's conspiracy claims are completely conclusory.

dismissed because judges are absolutely immune to suits for money damages for actions taken within the scope of their authority, and this court has no appellate or supervisory power over the official decisions and actions of state court judges. Moreover, plaintiff does not allege a single fact regarding any of the named judges.

The decision to initiate criminal prosecutions is within the discretion of the Kansas Attorney General and his or her delegates for state crimes, and the United States Attorney and his or her delegates for federal crimes. This court may not order either of those officials to initiate criminal investigations or prosecutions. All plaintiff's claims or requests for relief seeking initiation of criminal investigation and prosecution against any named defendant shall be dismissed for failure to state a claim.

Plaintiff's claims of violations of state laws and prison regulations are not grounds for relief under 42 U.S.C. § 1983, which is for redress of violation of federal constitutional rights.

**ACCESS TO THE COURT**

As noted, plaintiff's conclusory allegations of denial of access to the courts are refuted by his filing of the instant complaint[13] and extensive litigation history. Plaintiff alleges he lost four pending court cases on October 8, 2003, due to defendants refusals to provide writing materials, copies, and postage to meet

---

[13]

To state a claim of denial of access, plaintiff must provide information regarding the case or cases which were dismissed as a result of the alleged denial of access, and facts describing how his access was denied in each of those particular cases.

To state a claim of unconstitutional interference with legal and official mail, plaintiff must describe the pieces of his mail affected, describe how they were improperly handled, and state who took these actions on what dates.

deadlines and orders; was prevented from filing a Traverse in his federal habeas corpus action now on appeal; and from properly filing briefs in the 10th Circuit. Plaintiff must provide copies of the orders issued by the courts dismissing or denying the four cases for the reasons he alleges, and orders in his federal habeas case indicating they were impeded as he alleges. Dismissal of plaintiff's cases for failure to meet deadlines, without more, does not prove it was due to denial of materials and postage.

Plaintiff is not entitled to unlimited free copy services or writing materials. He is also not entitled to demand and receive free copies of pleadings and documents he files from the clerk of the court. Hand-written copies are accepted by this court, and plaintiff is required to prepare and retain copies of grievances and pleadings filed by him, even if they have to be hand-copied. Plaintiff is strongly directed to be much more judicious in filing and pursuing grievances and complaints.

It is well settled that plaintiff is not entitled to legal assistance from another inmate. This court has no authority to order the provision of legal assistance by another inmate other than as provided by prison policies. Thus, any of plaintiff's claims or requests for relief asserting entitlement to "next of friend" status for him or others must be dismissed for failure to state a claim.

The instant complaint unnecessarily names nearly 240 defendants and sets forth very little other than conclusory claims and demands. Plaintiff is well aware that if he earnestly seeks resolution of problems he is encountering at the EDCF, he must first diligently pursue resolution through the available administrative remedies in accord with prison grievance procedures at the EDCF. Then, if he

chooses to file a lawsuit, he must present a short and plain statement of his claims, Rule 8, Fed.R.Civ.P., alleging facts not conclusions, and naming as defendants only those individuals who personally participated in the acts of which he complains. Plaintiff has been repeatedly informed as to these and other requirements, and is warned that he faces filing restrictions in this case if he cannot curb his excessive, vindictive filings. The court finds from the record and plaintiff's filing history in Kansas, that plaintiff alleges no facts indicating his access is being impeded to the federal district court other than as a result of his own misconduct and abusive litigation.

### STATUTE OF LIMITATIONS

Plaintiff generally alleges his claims arose in May, 2000. A two-year statute of limitations applies to civil rights actions. Plaintiff states that the wrongs against him have continued since that date. This completely conclusory statement is not sufficient to show that some or all of his claims are not barred by the statute of limitations. Plaintiff must allege in his Second Amended Complaint the dates on which the acts or inactions he complains of occurred, as well as sufficient facts to show each of his claims is not barred by the statute of limitations.

Plaintiff is granted twenty (20) days in which to file his Second Amended Complaint on the forms provided by this court in accordance with this Memorandum and Order. If plaintiff fails to comply with this Memorandum and Order in a timely fashion, this action may be dismissed without further notice.

## MOTION FOR STAY

If plaintiff genuinely wishes to stay this action, he must file a separate Motion to Stay providing a legal and factual basis for this request. The court will not stay this action and allow it to be pending indefinitely against nearly 240 named defendants with no facts whatsoever alleged as to their participation in illegal acts against plaintiff.

## RECUSAL OF UNDERSIGNED JUDGE

Plaintiff moves for assignment of this case to a "new judge" and has added the undersigned judge as a defendant in this action. This motion is treated as a Motion to Recuse. However, no affidavit is filed to support a motion to recuse. Nor is even one fact alleged to support a claim against the undersigned judge or any state or federal judge named. As with recusal, the ability to name the judge a case is assigned to as a defendant is "not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." United States v. Cooley, 1 F.3d 985, 993 (10th Cir.1993). Cooley expressly stated that prior adverse rulings and "baseless personal attacks on or suits against the judge by a party" are not cause for recusal. Id. Under this theory, the assigned judge's hearing of this case is proper and indeed mandatory. See Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir.1987) (per curiam) ("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.").

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to file a Second Amended Complaint by fully and carefully

14

completing forms provided by the clerk and curing the deficiencies in his original and first amended complaints in accordance with the foregoing Memorandum, or suffer dismissal of this action.

IT IS FURTHER ORDERED that plaintiff's requests, which were not filed as separate motions, for appointment of counsel to file an amended complaint, for provision of copies, for service upon the Attorney General with an order for preliminary hearing, and for other preliminary and emergency relief are denied, without prejudice.

IT IS FURTHER ORDERED that plaintiff's Motion for Assignment to a New Judge is treated as a Motion to Recuse (Doc. 3) and denied; plaintiff's Motion for Stay and Emergency Hearing (Doc. 3) is denied as no legal or factual basis is presented.

IT IS FURTHER ORDERED that this action is dismissed against all the federal judges and state judges named as defendants for failure to state a claim.

The clerk is directed to transmit a set of §1983 forms and instructions to plaintiff.

IT IS SO ORDERED.

Dated this 13th day of July, 2006, at Topeka, Kansas.


                              s/Sam A. Crow
                              U. S. Senior District Judge