IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


PATRICK C. LYNN,

                    Plaintiff,

          v.                         CASE NO.  06-3172-SAC

RENEE ANDERSON-VARELLA,
et al.,

                    Defendants.


O R D E R

     This action was dismissed and all relief was denied on January
26, 2007.  Plaintiff appealed, and the decision was affirmed by the
Tenth Circuit Court of Appeals on December 26, 2007.  Plaintiff has
now filed a "Motion to Re-Open the Case" and to set aside the
judgment.  As legal authority for his motion, he cites FRCP Rule
60(b)(6), as well FRCP Rule 60(d)(1)&(3) and 28 U.S.C. § 1651.  The
properly asserted legal basis for plaintiff's motion, if any, is
Rule 60(b).[1]


**FRCP RULE 60(b)**

     FRCP Rule 60(b) provides that the court may relieve a party
from a final judgment and sets forth the following six categories of

---

[1]     Rule 60(d)(1) & (3) provide that Rule 60 "does not limit a court's
power to: (1) entertain an independent action to relieve a party from a judgment
. . ; and "(3) set aside a judgment for fraud on the court."  The instant motion
is not construed as an "independent action" under Rule 60(d) for the reason that
plaintiff is a three-strikes litigant and may not avoid the restrictions of 28
U.S.C. § 1915(g) by asserting an independent action in this motion.  No grave
injustice results since the single sentence alleging fraud in the motion is
completely conclusory.  Nor may plaintiff obtain relief from judgment by invoking
28 U.S.C. § 1651, the "All Writs Act," given the authority this court has under
Rule 60(b).  See Pennsylvania Bureau of Ocrrection v. U.S. Marshals Service, 474
U.S. 34, 43 (1985); Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28 (2002).

reasons for which such relief may be granted: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; (3) fraud, misrepresentation, or misconduct by an adverse party; (4) circumstances under which a judgment is void; (5) circumstances under which a judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. F.R.C.P. Rule 60(b)(1)-(b)(6). To be entitled to relief, the moving party must establish facts within one of the reasons enumerated in Rule 60(b).

This motion was filed in May, 2008, over a year after the final judgment on January 26, 2007. With respect to the time in which such a motion may be brought, Rule 60(b) provides it "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment . . . was entered . . . ." See United States v. Buck, 281 F.3d 1336, 1344 (10th Cir. 2002), citing Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994). It follows that motions to reopen premised upon mistake, inadvertence, surprise, or excusable neglect [Rule 60(b)(1)]; newly discovered evidence [Rule 60(b)(2)]; or fraud [Rule 60(b)(3)] must be brought within one year after the judgment was entered. F.R.C.P. Rule 60(b). This time limit is jurisdictional and cannot be extended. See Wesco Products Co. v. Alloy Automotive Co., 880 F.2d 981, 985 (7th Cir. 1989); Brandon v. Chicago Bd. of Educ., 143 F.3d 293, 295-96 (7th Cir.), cert. denied, 525 U.S. 948 (1998).

The party seeking relief from a judgment bears the burden of demonstrating he satisfies the prerequisites for such relief. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Van Skiver v. United States, 952 F.2d 1241, 1243-44 (10th cir. 1991), cert. denied, 506 U.S. 828 (1992). Rule 60(b) does not give a party the opportunity to re-litigate its case after the court has rendered a decision. See Servants, 204 F.3d at 1012; Voelkel v. Gen. Motors Corp., 846 F.Supp. 1482, 1483 (D.Kan.)(A motion to reconsider is not a second opportunity for the losing party to make its strongest case or to dress up arguments that previously failed.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Nor is it the purpose of Rule 60(b) to allow the court to "revisit the issues already addressed" or consider "new arguments or supporting facts which were otherwise available for presentation" in the underlying proceedings. Van Skiver, 952 F.2d at 1243. Motions brought under this rule require the court to balance the interest in finality of judgments, which "should not lightly be disturbed", and the desire to achieve justice.

## GROUNDS ALLEGED

Plaintiff's claims in his motion, based upon which he asserts the judgment entered in this action should be re-opened, are summarized by the court as: (1) missing record; (2) judicial mistake (3) fraud, (4) new claims, and (5) exceptional circumstances.

## DISCUSSION

Some of plaintiff's allegations do not fit within any

subdivision of Rule 60(b), and certainly not subdivision (6). This includes plaintiff's claim that because of "unlawful court access denials/restrictions" he "was never able to meet" his "legal obligations" before this "or any other state/federal court." This conclusory allegation was repeatedly presented in this action and was thoroughly considered and rejected by this court before the final judgment was entered. As noted, it is not appropriate in a Rule 60(b) motion to rehash arguments previously made, or advance arguments that could have been raised in prior briefing. <u>Servants</u>, 204 F.3d at 1012, *citing* <u>Van Skiver</u>, 952 F.2d at 1241. Several of plaintiff's exhibits attached to his motion also predate the judgment, and were or could have been considered prior to its entry. Plaintiff is not entitled to relief based upon these previously available arguments and exhibits.

### 1.  Claim of Missing Record

Plaintiff alleges he has "confirmed" that the criminal records from Johnson County Case # 96-CR-1654 were not "provided the court as D.Ct. Judge Crow originally ordered in the habeas show cause order and it had great impact in the court's denial of (his) petition." Plaintiff does not explain how a record missing from his federal habeas corpus case would provide grounds for re-opening the judgment in this case. In any event, contrary to this claim, the docket sheet in <u>Lynn v. Roberts</u>, Case No. 03-3464 (Doc. 51) plainly shows receipt by the court of the pertinent state court records in

two boxes from the Johnson County District Court[2].   This court concludes this claim does not entitle plaintiff to relief under Rule 60(b)(6) and is completely without legal or factual merit.

## 2.  Claim of Judicial Mistake

Plaintiff's conclusory statement that this court and the Tenth Circuit "failed to grasp the profound constitutional injuries (he) has been suffering under" appears to be a claim of judicial mistake. A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  See Servants, 204 F.3d at 1012, *citing* Van Skiver, 952 F.2d at 1243.   The six provisions of Rule 60(b) "are mutually exclusive." See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Psp., 507 U.S. 380, 393 (1993).  Thus, any claims that fit within one of the specific grounds enumerated in Rule 60(b)(1)-(b)(5) may not be raised under subdivision (6).    Liljeberg v. Health Servs. Acquisition corp., 486 U.S. 847, 863 FN11 (1988); In re Gledhill, 76 F.3d 1070, 1080 (10th Cir. 1996)(Relief under subsection (6), the catchall provision of Rule 60(b), may not be premised on one of the specific grounds enumerated in the Rule.), *citing* id.   To permit relief under the "catchall provision" in such situations would render the one-year time limitation on subdivisions (1), (2), and (3) meaningless.  See Wesco, 880 F.2d at 983.

Since plaintiff's claim of judicial mistake fits within (b)(1),

_____

[2]Plaintiff specifically refers in an exhibit to a pleading filed by him in his state case.  This court is not at all convinced that any part of the state court records was missing.  The judge hearing Mr. Lynn's federal habeas claims rejected more than once his claims that the complete record was not before the court.  The court is also unconvinced that the absence of this particular pleading would have had any significant impact on the denial of his federal habeas.

it cannot be brought under (b)(6).  The court concludes that this claim is out of time if construed under (b)(1), and not properly raised under (b)(6).  See Van Skiver, 952 F.2d at 1244 (Claims that the district court misunderstood a party's position should be raised on appeal or by a Rule 59(e) motion, and not in a Rule 60(b)(1) motion.); CSU, L.L.C. v. Xerox Corp., 202 F.R.D. 275 (D.Kan. 2001)(Claims of judicial mistake, both of law and of fact, cannot be raised in a Rule 60(b)(1) motion unless such motion is filed by the deadline for filing a notice of appeal.).  The court also notes this claim is not supported by sufficient facts and has no merit.

### 3.  Claim of Fraud

Plaintiff claims prison officials have "perpetrated" a criminal "scheme to commit frauds on the court" and to "obstruct justice in any court case (he) attempt(s) to prosecute an appeal."  This claim, like the last, is not properly considered under (b)(6), and is not timely under the other subdivision within which it fits.  The Tenth Circuit Court of Appeals has held that "a claim of fraud, including fraud upon the court, cannot be brought under clause (b)(6)" because fraud is specifically mentioned in clause (b)(3).  Buck, 281 F.3d at 1341 [Because fraud is one of the reasons for relief appearing in clause (3), it is not available as "any other reason" under clause (6), and the "clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses."], citing Liljeberg, 486 U.S. at 863 FN 11; see Plotner v. AT&T Corp., 224 F.3d 1161, 1174 (10th Cir. 2000); see also Zurich North Americal v. Matrix Service, Inc., 426 F.3d

1281, 1290-01 (10th Cir. 2005); <u>Yapp v. Excel Corp.</u>, 186 F.3d 1222, 1231 (10th Cir. 1999).  Plaintiff may not avoid the one-year time limit for bringing a motion under (b)(3) by styling it as one under (b)(6).  <u>Buck</u>, 281 F.3d at 1341 ("Appellants cannot so easily escape the time restrictions on Rule 60(b)(3) motions.").

Even if plaintiff could somehow avoid these procedural hurdles with his cite to Rule 60(d) and independent actions, there is an absolute lack of substance to plaintiff's claim of fraud.  <u>Cf</u>. <u>Buck</u>, 281 F.3d at 1342.  "Proof of fraud upon the court must be by clear and convincing evidence."  <u>Id</u>., *citing* <u>see</u> <u>Weese v. Schukman</u>, 98 F.3d 542, 552 (10th Cir. 1996).  As the Tenth Circuit has explained:

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.

<u>Buck</u>, 281 F.3d at 1342, *quoting* <u>Weese</u>, 98 F.3d at 552-53 (quoting <u>Rozier v. Ford Motor Co.</u>, 573 F.2d 1332, 1338 (5th Cir. 1978)); <u>Yapp</u>, 186 F.3d at 1231 (Relief under Rule 60(b)(3) may be granted only when the motion is substantiated by clear and convincing evidence that the defendants acted with an intent to deceive or defraud the court, by means of a deliberately planned and carefully executed scheme.).

While plaintiff uses the right legalese in his single-sentence, bald accusation of fraud, he presents not one allegation of fact or piece of evidence to support a claim of fraud upon the court.  Nor does he describe intentionally fraudulent acts by any named defendants.  Granting relief from judgment based upon plaintiff's conclusory statement would clearly be an abuse of the court's

discretion.

### 4.  New Claims

Plaintiff tries to reopen this case to raise new claims based on events that occurred after judgment was entered herein, including that prison officials interfered with his efforts to file petitions for writ of certiorari in the United States Supreme Court in two of his federal cases and one of his state collateral actions.  In support, he alleges that unnamed prison officials "refused to mail[3]" his Notice of Appeal of a February 2007 order of the District Court of Johnson County, Kansas, denying his motion for new trial and now "refuse to let (him) perfect his appeal" of this denial to the United States Supreme Court.[4]  He also alleges that "as a direct result of these ongoing violations by the EDCF/KDOC defendants," he "was not allowed to perfect" his appeals to the United States Supreme Court from the denial of his federal habeas corpus petition,[5] Lynn v. Roberts, Case No. 03-3464 (D.Kan., Nov. 1, 2005), aff'd, Case No. 05-3470 (10th Cir., Dec. 28, 2006), or the dismissal of this civil rights action, Lynn v. Anderson-Varella, Case No. 06-3172 (D.Kan., Jan.26, 2007), aff'd, Case No. 07-3046 (10th Cir., Dec. 26, 2007).  With regard to his two federal cases, he alleges that

---

[3]      Plaintiff indicates this refusal was due to his having exceeded his monthly allotment for legal postage, and the pleading was eventually "smuggled out" to the court for filing.  Plaintiff is on the mail inspection list because he has, on more than one occasion, improperly enlisted other inmates to mail his materials out under their names.

[4]      Plaintiff also complains of actions by the judge that denied his state post-conviction motion, and the Kansas appellate courts' refusal to apply the mailbox rule to deem his Notice of Appeal timely filed.  None of these events are grounds for relief from the final judgment entered in this action.

[5]      Plaintiff continues to incorrectly refer to his federal habeas corpus and state post-conviction actions as criminal case appeals.

"both time extension motions" to the Supreme Court "disappeared." Plaintiff urges this court to re-open this case and "issue a TRO to compel prison officials to give (him) the scribe materials, legal postage and photocopy credits" he needs to file a Petition for Writ of Certiorari in the United States Supreme Court "upon the Ks. S.Ct.'s 4-23-08 denial of (his) Petition for Review on (his) criminal case appeal."

It is understandable that Mr. Lynn, who is a three-strikes litigant, would want to raise new claims in this case in which the filing fee was paid. However, he may not avoid the consequences of his status as a repeat filer of frivolous actions by reopening this case to litigate new claims. Mr. Lynn's federal court remedy for new claims is to file a new court action.

Plaintiff's exhibits, which contain mainly his self-serving conclusory statements, do not provide any proof that the judgment entered in this action should be re-opened. Some of plaintiff's exhibits even tend to refute his new claims. For example, he exhibits copies of letters he mailed to the United States Supreme Court, which are stamped received[6]. He does not suggest why he was unable to file a timely petition for certiorari or motion for extension in the Supreme Court[7], when he did manage to send letters

---

[6]   Plaintiff exhibits a copy of a letter to the Clerk of the Supreme Court stamped received on May 6, 2008, in which he argued that he was being denied access by prison restrictions on free mailing materials. He typically uses his limited writing and mailing materials to generally complain, rather than to properly and efficiently proceed in his cases.

[7]   Plaintiff's complaints that his petitions for writ of certiorari to the United States Supreme Court have been or will be unfairly considered untimely must be presented to the Supreme Court by proper motions for extensions of time or permission to file late appeals. Kansas state courts, federal district courts, and the United States Supreme Court generally apply the prison mailbox rule when a prisoner has properly invoked the rule, and may be flexible with time requirements due to unique challenges faced by pro se prisoners.  See e.g.,

and complaints to that court and to file the instant motion with copies of exhibits, grievances, and letters.

Even accepting that the mailing of plaintiff's cert petitions was delayed because extra postage credit was disallowed[8], it is not at all clear that prison officials acted improperly. At the same time it appears that plaintiff's own lack of diligence or failure to adhere to applicable prison regulations at least contributed to any delay. Plaintiff alleges no facts indicating his claims regarding these subsequent events are anything other than more instances of his failure to abide by, and disgruntlement with, limits reasonably placed on the amount of free postage and mailing materials available to indigent inmates[9]. As he has been repeatedly advised, "[p]risoners do not have an unlimited right to free postage in connection with the right of access to the courts." <u>Twyman v. Crisp</u>, 584 F.2d 352, 359 (10th Cir. 1978). "Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations." <u>Id</u>.

## 5. Claim of Exceptional Circumstances - Rule 60(b)(6)

---

<u>Houston v. Lack</u>, 487 U.S. 266, 271-276 (1988).

[8]   Plaintiff's own exhibits indicate over $5,500.00 worth of postage has been credited to his prison inmate account, and that he receives the same allotment of postage stamps and writing and mailing materials each month as other indigent inmates. His elderly father, who paid the filing and appellate fees in the underlying action, apparently offered to provide some funds for his son's future mailing needs, but plaintiff refuses to allow funds from his family to cover any amounts already owing for postage.

[9]   Plaintiff repeatedly alleged in the underlying case and other cases that he is being denied access as the result of monthly limitations on free writing, copying, and mailing materials available to inmates. This claim was rejected in his federal habeas case and in this case because he failed to show actual injury. Federal and state court records plainly revealed that Mr. Lynn managed to file voluminous amounts of pleadings and materials in the very cases in which he claimed a denial of access, and that many of those filings were unnecessary and even abusive.

Rule 60(b)(6), specifically cited by plaintiff, provides that the court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." F.R.C.P. Rule 60(b)(6).   Rule 60(b)(6) "gives the court a 'grand reservoir of equitable power to do justice in a particular case'." Pierce v. Cook & Co. Inc., 518 F.2d 720, 722 (10th Cir. 1975), cert. denied, 423 U.S. 1079 (1976), *quoting* Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538, 542 (2d Cir. 1963).   However, as discussed earlier, the six subdivisions of Rule 60(b) are mutually exclusive, so relief cannot be sought under (b)(6) based upon any of the specific ground enumerated in Rule 60(b)(1)-(5).   Relief under Rule 60(b)(6) is further circumscribed in that district courts may grant a motion thereunder only in "extraordinary circumstances" and only when such action is necessary to accomplish justice.   Klapprott v. United States, 335 U.S. 601 (1949); Ackermann v. United States, 340 U.S. 193 (1950); see also Gonzalez v. Crosby, 545 U.S. 524, 535 (2005); Liljeberg, 486 U.S. at 863 (Rule 60(b)(6) "should only be applied in 'extraordinary circumstances'"); Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 729 (10th Cir. 1993).   The Tenth Circuit has found extraordinary circumstances to be present, for example, when, after entry of judgment, "events not contemplated by the moving party render enforcement of the judgment inequitable." Id., *citing* Zimmerman v. Quinn, 744 F.2d 81, 82-83 (10th Cir. 1984) and In re Gledhill, 76 F.3d at 1081.

Plaintiff has failed to even allege, much less establish, the requisite "extraordinary circumstances" justifying relief under Rule 60(b)(6).   His underlying claims of denial of access to various courts were found to be either not supported by facts or without

legal merit.  He does not show exceptional circumstances by raising new claims that are similarly deficient.  Furthermore, the post-judgment events complained of by plaintiff have no bearing on the judgment entered herein, and in no way render that judgment inequitable.

## CONCLUSION

Mr. Lynn's allegations and exhibits show nothing more than that he continues to impede his own litigation efforts by abusing the system for providing free postage and writing materials to indigent Kansas prison inmates and by refusing to proceed in accord with prison and court rules and limits.  The court has considered plaintiff's allegations under all plausible subdivisions of Rule 60(b), and finds no facts or reasons are alleged or exist which entitle plaintiff to relief from the judgment dismissing this case.  Accordingly, plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that plaintiff's "Motion to Re-Open the Case . . . and to Set Aside the Judgment and Proceed Anew" (Doc. 34) is denied.

**IT IS SO ORDERED**.

Dated this 10th day of June, 2008, at Topeka, Kansas.


s/Sam A. Crow
U. S. Senior District Judge