IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PATRICK C. LYNN,**

        **Plaintiff,**

    v.                      CASE NO.  06-3172-SAC

**RENEE ANDERSON-VARELLA,**
**et al.,**

        **Defendants.**

### O R D E R

    This action was dismissed and all relief was denied by Memorandum and Order entered on January 26, 2007.  Plaintiff appealed, and the decision was affirmed by the Tenth Circuit Court of Appeals on December 26, 2007.  This matter is before the court upon plaintiff's second Motion to Re-open Case, this time citing Fed.R.Civ.P. Rule 60(b)(5) & (6) as grounds.  Plaintiff also asks that this case be consolidated with <u>Lynn v. Werholtz</u>, Case No. 10-3142-SAC.  Having considered this motion, the court finds it should be denied.

    To be entitled to relief from judgment, the moving party must allege facts showing his entitlement under the provisions of Rule 60(b). Rule 60(b)(5) provides for relief when a judgment has been "satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. . . ."  <u>Id</u>. Subsection (b)(6) is a catch-all provision that provides for relief for "any

other reason that justifies relief."[1]  Fed.R.Civ.P. Rule 60(b)(6).

Plaintiff's allegations in his motion, upon which he bases his assertion that he is entitled to relief from judgment, are summarized by the court as: (1) he is destitute; (2) he has been subjected to assaults and threats by KDOC staff, (3) he is under great physical and mental stress over conditions and abuse, (4) he is unable to meet his legal burdens with the limited allotment of writing materials, and (5) his claims are ""extremely worthy of court intervention."

The court finds that Mr. Lynn's allegations are nothing more than bald statements and do not amount to facts that support his claim for relief under either subsection (5) or (6) of Rule 60(b). As plaintiff has been previously advised, it is not appropriate in a Rule 60(b) motion to rehash arguments previously made, or advance arguments that could have been raised in prior briefing. Servants, 204 F.3d at 1012, *citing* Van Skiver, 952 F.2d at 1241.  Nor may Mr.

---

[1] Rule 60(b)(6) "gives the court a 'grand reservoir of equitable power to do justice in a particular case'." Pierce v. Cook & Co. Inc., 518 F.2d 720, 722 (10th Cir. 1975), cert. denied, 423 U.S. 1079 (1976), *quoting* Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538, 542 (2d Cir. 1963). However, as Mr. Lynn has been advised, the six subdivisions of Rule 60(b) are mutually exclusive, so relief cannot be sought under (b)(6) based upon any of the specific ground enumerated in Rule 60(b)(1)-(5). Relief under Rule 60(b)(6) is further circumscribed in that district courts may grant a motion thereunder only in "extraordinary circumstances" and only when such action is necessary to accomplish justice. Klaprott v. U.S., 335 U.S. 601 (1949); Ackermann v. U.S., 340 U.S. 193 (1950); see also Gonzalez v. Crosby, 545 U.S. 524, 535 (2005); Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 729 (10th Cir. 1993). The Tenth Circuit has found extraordinary circumstances to be present, for example, when, after entry of judgment, "events not contemplated by the moving party render enforcement of the judgment inequitable." Zimmerman v. Quinn, 744 F.2d 81, 82-83 (10th Cir. 1984). Plaintiff has utterly failed to establish the requisite "extraordinary circumstances" justifying relief under Rule 60(b)(6). Furthermore, the post-judgment events complained of by plaintiff have no bearing on the judgment entered herein, and in no way render that judgment inequitable.

Lynn avoid the consequences of his 1915(g) status as a repeat filer of frivolous actions by reopening this case to litigate new claims. Mr. Lynn's federal court remedy for new claims is to file a new court action.

The court concludes that no facts or reasons are alleged or exist which entitle plaintiff to relief from the judgment dismissing this case. Accordingly, plaintiff's motion to re-open is denied.

**IT IS THEREFORE ORDERED** that plaintiff's "Motion to Re-Open the Case . . . and to Consolidate" this case (Doc. 36) with Case No. 10-3142-SAC is denied.

**IT IS SO ORDERED.**

Dated this 19th day of October, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge